**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| LEAMON MADISON, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:23-CV-00031 (WLS) |
| : | |
| COLQUITT COUNTY SCHOOL : | |
| DISTRICT, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

The Individual Defendants move to dismiss Plaintiff's Third Amended Complaint asserting qualified immunity.[1] Because the potential to assert qualified immunity was apparent when Defendants moved to dismiss the First Amended Complaint, the Individual Defendants may not raise that defense in a subsequent motion to dismiss now. The Individual Defendants' Motion to Dismiss (Doc. 57) is thus denied.

### I. BACKGROUND

Plaintiff, a former elementary school principal, sues Colquitt County School District, its former superintendent, and the members of its school board, for actions leading up to his dismissal. (*See generally* Doc. 53). The lawsuit began in March 2023.

The present motion is not Defendants' first motion to dismiss. In response to the First Amended Complaint (Doc. 30), Defendants filed a joint, partial-motion to dismiss (Doc. 33) and a motion to strike. (Doc. 34).[2] In June 2024, the Court granted-in-part and denied-in-part both motions after extensive briefing. (*See generally* Doc. 42). As a result, the Court: (1) dismissed with prejudice Plaintiff's § 1981 retaliation claim with respect to his 2020 emails, his Equal Protection Clause retaliation claim (to the extent alleged), and his Defamation claim,

---

[1] The individual Defendants are Robby Pitts, Mary Beth Watson, Pat Anderson, Trudie Hill, Doug Howell, Jon Schwalls, and Kevin Sumner. (*See generally* Doc. 53).

[2] Defendants also moved to dismiss Plaintiff's initial Complaint (Doc 23). The Court denied that motion without prejudice after Plaintiff filed the First Amended Complaint. Because that first motion was not resolved on its merits, it does not impact the analysis here.

(*Id.* at 16); (2) dismissed-without-prejudice Plaintiff's Georgia Open Records Act claim, *id.*; and (3) struck portions of the First Amended Complaint and ordered Plaintiff to submit an amended complaint. (*Id.*)

Plaintiff filed the Second Amended Complaint (Doc. 43) in July 2024. Two days before the responsive-pleading deadline, however, the Parties jointly moved to allow Plaintiff to amend the complaint again. The Court granted leave to amend. But it limited the amendment period to 45 days from the entry of the Order. (Doc. 50 at 1). Plaintiff filed the Third Amended Complaint (Doc. 53) in November 2024.

Two motions are pending. The District filed a Motion to Dismiss (Doc. 56) on December 16, 2024. The same day, the Individual Defendants filed the instant Motion to Dismiss. (Doc. 57). Plaintiff filed timely responses. (Docs. 59 & 60). All Defendants replied in a single brief. (Doc. 65). Both pending motions are ripe. This Order addresses the Individual Defendants' Motion to Dismiss (Doc. 57). The Court will address the District's Motion to Dismiss (Doc. 56) by separate order.

## II. LAW & ANALYSIS

The Individual Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's 42 U.S.C. § 1983 claims. Their sole argument is that qualified immunity bars Plaintiff's § 1983 claims. Yet because a qualified immunity defense was apparently available when all Defendants—including the Individual Defendants—filed a prior motion to dismiss, the Individual Defendants may not assert it in a subsequent motion to dismiss.

Fed. R. Civ. P. 12 permits a party to assert by motion certain objections or defenses—including a failure to state a claim—against a responsive pleading. Rule 12(h)(2), however, generally requires the movant to consolidate all available defenses and objections into a single motion. For certain defenses (i.e. lack of personal jurisdiction), failure to consolidate waives the defense. Fed. R. Civ. P. 12(h)(1). But failure to consolidate a failure-to-state-a-claim defense under Rule 12(b)(6) does not waive the defense. Fed. R. Civ. P. 12(h)(2). Even so, if a party does not consolidate that defense, if available, into the initial motion to dismiss, that party may not reassert it on a subsequent motion to dismiss. *PrimeLending v. First*

2

*Community Mortg., Inc.*, No. 1:23-cv-4402, 2024 WL 3914846, at *3 (N.D. Ga. June 21, 2024) (citing Fed. R. Civ. P. 12(h)(2)).[3]

To be sure, an amended complaint may reveal a new defense. But that defense must not have been initially apparent. An amended complaint supersedes a prior complaint "and becomes the operative pleading[.]" *Kinrsk v. SunBank Trs., Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007)). Yet the new complaint "does not automatically revive all defenses or objections[.]" *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2004)). Rather, a movant may raise a previously-omitted defense or objection only if the new pleading includes "new information or different allegations making it subject to a defense or objection that was not previously apparent to the movant." Wright & Miller, *supra.* § 1388.

The Third Amended Complaint contains no new information or different allegations that implicate qualified immunity. Previously, Defendants moved under Rule 12(b)(6) to dismiss the First Amended Complaint. Of the five counts asserted, the first three were § 1983 claims. Specifically, § 1981 retaliation and disparate treatment claims, and an Equal Protection Clause claim brought under § 1983. (Doc. 30 ¶¶ 65–90).[4] These claims allege that Defendants retaliated against Plaintiff for engaging in activity protected by § 1981, and that Defendants discriminated against Plaintiff because of his race. (*See id.*) Of course, qualified immunity is a proper defense to § 1983 claims. *E.g.*, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). So it was apparent from the First Amended Complaint that qualified immunity was a potential defense.

Defendants' prior motion even recognized that qualified immunity was available. In that motion, Defendants argued that Plaintiff failed to sufficiently allege his § 1983 claims. (*See generally* Doc. 33). Among other things, Defendants asserted qualified immunity when they argued that there was no clearly-established Equal Protection Clause right to be free from

---

[3] Instead, the party may raise it only (A) in a pleading under Rule 7(a) (e.g., an answer), (B) in a motion for judgment on the pleadings; or (C) at trial. *PrimeLending*, 2024 WL 3914846, *3 (quoting Fed. R. Civ. P. 12(h)(2)).

[4] The other two were state-law claims. (*Id.* ¶¶ 91–96).

3

retaliation. (*Id.* at 17). They also argued more generally that certain alleged activity was not protected under § 1981. (Doc. 33 at 7–17). The Court addressed these arguments and resolved them. (*See generally* Doc. 43). Thus, when Defendants filed the previous motion to dismiss, they were on notice of Plaintiff's § 1983 claims in the First Amended Complaint, identified qualified immunity as a potential defense, and had ample opportunity to assert the defense.

The § 1983 claims persist in the Third Amended Complaint unchanged. That complaint—the operative pleading—reflects two changes: (a) the addition of two Title VII counts, and (b) the omission of the stricken material. (*See generally* Doc. 53). But the § 1983 counts from the First Amended Complaint remain. (*Id.* ¶¶ 49–74). Those counts allege retaliation for the same protected activity, and the same disparate treatment. (*Id.*)

Nevertheless, the Individual Defendants bring another Rule 12(b)(6) challenge to Plaintiff's § 1983 claims—asserting qualified immunity once again. But Rule 12(g)(2) precludes that argument. In the instant motion, the Individual Defendants expand their assertion of qualified immunity. They now assert that qualified immunity bars each § 1983 claim, rather than only the Equal Protection Clause retaliation claim. (*See* Doc. 57 at 4–9). Yet the § 1983 allegations are effectively identical to the allegations Defendants challenged in their prior Rule 12(b)(6) motion. In other words, no new information or allegations make the Third Amended Complaint any more subject to a qualified immunity defense than the First Amended Complaint. *See* Wright & Miller, *supra.* § 1388. Hence the Individual Defendants "raise[] a defense or objection that was available to" them but was "omitted from [their] earlier [Rule 12] motion." *See* Fed. R. Civ. P. 12(g)(2). Because qualified immunity was available in the prior motion, Rule 12(g)(2) precludes their renewed assertion of that defense now.

To be clear, the Individual Defendants have not waived qualified immunity. Instead, they have forfeited only the right to raise it on a Rule 12(b)(6) motion. An officer may assert qualified immunity at several stages. *Skrtich v. Thornton*, 280 F.3d 1295, 1300–01 (11th Cir. 2002) (citing *Ansley v. Heinrich*, 925 F.2d 1339, 1341 (11th Cir. 1991)), *overruled on other grounds by Pearson*, 555 U.S. 223 (2009). The first opportunity is on a Rule 12(b)(6) motion. *Id.* (citing *Ansley*, 925 F.2d at 1341). But an officer may also assert qualified immunity on a motion for judgment on the pleadings, a motion for summary judgment, or at trial. *Id.* (citing *Ansley*, 925 F.2d at 1341). Even so, any pleading asserting qualified immunity "must conform to the

Federal Rules of Civil Procedure." *Id.* Defendants have not complied with the Rules here, so their assertion of qualified immunity is improper.

Consequently, the Court concludes that the Individual Defendants' assertion of qualified immunity is barred by Rule 12(g). Rightly so. The Third Amended Complaint did not revive all defenses and objections to Plaintiff's allegations, only those that might not have been apparent when they filed their previous motion to dismiss. The potential for a qualified immunity defense was apparent even in Plaintiff's initial Complaint. (*See* Doc. 1 ¶¶ 64–89). Yet the Individual Defendants have waited more than two years to raise the qualified immunity arguments asserted now. There is no compelling reason for the delay. Accordingly, the Individual Defendants' Motion to Dismiss (Doc. 57) is **DENIED**. Defendants have not waived qualified immunity, however. *See* Fed. R. Civ. P. 12(g)(2). They may raise it at a later stage—provided they comply with the Rules.

**SO ORDERED**, this 1st day of May 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**