IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DR. WILLIAM LEAMON MADISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO:** |
| | : | **7:23-cv-31–WLS** |
| **COLQUITT COUNTY SCHOOL DISTRICT,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion for Implementation of an Electronically Stored Information ("ESI") Plan (Doc. 77) ("ESI Motion"), along with a copy of a proposed ESI Plan ("Doc. 77-4). Defendants filed a response (Doc. 84) opposing the ESI Motion as unnecessary and overburdensome.[1] Defendant proposes that Federal Rule of Civil Procedure 34 sets out the procedure and rules for producing ESI and that those procedures as sufficient.

Plaintiff contends the detailed ESI Plan is necessary because his counsel and Defendants' counsel had a discovery dispute in a prior unrelated case in which the court granted a motion for sanctions based, in part, on a finding that "defendant (through the actions of their counsel) withheld electronically stored information." (Doc. 77 at 3 (citing *Hilton v. Brooks Cnty. Sch. Dist.*, No. 7:20-cv-227, 2022 WL 4657701 (M.D. Ga. Sept. 30, 2022)). The *Hilton* court found the appropriate remedy was to order defendant to conduct a new ESI search of defendant's relevant electronic devices by using an ESI vendor to run the search and

---

[1] As Defendant notes, Plaintiff proposes the "Court to enter his 12-page order governing the process and production of ESI, including, requirements as to which specific devices need to be searched, specific search terms to retrieve documents, specific format of production, preservation of metadata, specific extraction of 42 separate metadata components, specific required designation(s) of production." (Doc. 84 at 2). Further, Plaintiff seeks an "order with certain mandates or requirements or specifications on ESI production concerning: 'document format,' how to handle 'hard copy documents,' a specific procedure for 'de-duplication,' 'bates-numbering,' specific narrow requirements [ ] for 'text searchable documents,' specific requirements for 'native files,' and metadata production. (*Id.* at 4).

requiring the vendor to work with plaintiff's counsel to ensure proper search terms were used. (Doc. 77-1 at 11).

As Defendant argues, the prior case is irrelevant to the facts and issues that might arise in this case. The scheduling/discovery order (Doc. 76) in this case was entered on October 2, 2025, with a discovery deadline of March 30, 2026. To date, according to Defendant, Plaintiff has not served any requests for production of documents on Defendant. Her contention that Defendant will not properly comply with discovery rules upon the Record in this case is speculative at best. Other than speculation upon minimal, if any, actual discovery, Plaintiff offers no reason why the ESI procedures set forth in Rule 34 are insufficient, and the Court declines to impose an overburdensome ESI process on Defendant based solely on Plaintiff's speculations. Reference to discovery in an unrelated case based on a distinguishable actual record is insufficient upon the Record in this case.

Accordingly, Plaintiff's Motion for Implementation of an Electronically Stored Information ("ESI") Plan (Doc. 77) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 8th day of January 2026.

                                                       /s/ W. Louis Sands
                                                       **W. LOUIS SANDS, SR. JUDGE**
                                                       **UNITED STATES DISTRICT COURT**