**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM LEAMON MADISON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:23-cv-31 (WLS) |
| COLQUITT COUNTY SCHOOL DISTRICT, ET AL., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants (Doc. 94), as well as Defendants' Motion for Protective Order (Doc. 98). Also pending before the District Court is a Joint Motion for Extension of Fact Discovery Period (Doc. 108). These matters were referred to the undersigned for recommendation on May 8, 2026 and June 17, 2026, respectively. (Docs. 96, 110). The Motions have been fully briefed by the Parties, and, with the benefit of oral argument on July 10, 2026, are now ripe for the Court's consideration. For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion for Contempt, Motion to Compel, and Motion for Sanctions Against all Defendants (Doc. 94) be **DENIED**, and Defendants' Motion for Protective Order (Doc. 98) also be **DENIED**. It is additionally **RECOMMENDED** that the Motion for Extension (Doc. 108) be **GRANTED**.

Before turning to the merits, the Court notes the gamesmanship of both Parties made obvious by the allegations and accusations contained in the Parties' briefs as well as during oral argument. It is clear that counsel for both Parties have a record of litigating against one another in their representation of adverse parties. However, the conduct of

counsel in prior, unrelated lawsuits is not relevant to the instant action before the Court. Furthermore, the failure of one party to follow the rules does not create an exception for another party to disregard the rules. Of particular importance here are the applicable Local Rules and Federal Rules of Civil Procedure pertaining to the timeliness of discovery and the requirement that a meet and confer be conducted in good faith. The Court implores the Parties to heed the requirement of those rules going forward, as a failure to do so could result in sanctions.

## I. Background and Relevant Procedural History

The Court assumes familiarity with the underlying facts and will not further detail them here. In summary, "[t]his is a civil rights action for damages and injunctive relief arising out of workplace conduct caused and perpetuated by the Colquitt County School District . . ." (Doc. 53 at 2).

On March 20, 2023, Plaintiff filed the instant civil action against Defendants. (Doc. 1). Plaintiff filed suit against Colquitt County School District, as well as current and former members of the District's Board of Education in which he alleged that his employment contract was not renewed due to race discrimination and retaliation. *Id.* After initial Rule 12 Motions were filed and adjudicated, Plaintiff filed his Third Amended Complaint on November 1, 2024. (Doc. 53).

On August 4, 2025, the District Court issued its Rule 16/26 Order and directed the Parties to submit their proposed Scheduling/Discovery Order by September 23, 2025. (Doc. 74). A scheduling conference was held on September 30, 2025 before Judge Sands. (Doc. 75).

On October 2, 2025, the District Court entered a Scheduling and Discovery Order requiring discovery to be completed by March 30, 2026. (Doc. 76). This deadline was then

extended to July 31, 2026 after the District Court's consideration of a Motion for Extension filed by Defendant on March 10, 2026. (Doc. 91). Defendants then moved for an extension of time to respond to Plaintiff's discovery requests, which the District Court granted, making April 22, 2026 the deadline for Defendants to respond to outstanding interrogatories and requests for production. (Doc. 93).

Shortly after the District Court's entry of the Scheduling and Discovery Order, Plaintiff filed a Motion for Implementation of an Electronically Stored Information ("ESI") Plan. (Doc. 77). Plaintiff's basis for the Motion, at least in part, was the alleged conduct of Defense Counsel in a prior unrelated case. *Id*. The District Court denied this Motion on January 8, 2026, citing Plaintiff's reasoning as "speculative at best." (Doc. 86 at 2).

Thereafter, Plaintiff filed the instant Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants on April 26, 2026. (Doc. 94), which was followed by two "Supplemental" briefs (Docs. 95, 99). Defendants responded on June 2, 2026 (Doc. 101), and Plaintiff's reply followed on June 5, 2026. (Doc. 104). Lastly, the Parties filed a Joint Motion for Extension of Fact Discovery Period due to the pending discovery motions. (Doc. 108).

## II. Plaintiff's Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants (Doc. 94)

As an initial matter, the Court need not reach the merits of Plaintiff's Motion to Compel because it was not timely filed pursuant to the District Court's 21/21/21 Rule, which is outlined in the Rule 16/26 Order submitted to the Court and filed on October 2, 2025. (Doc. 76).

"Discovery rulings are committed to the sound discretion of the trial court," and "[a] 'range of choice' applies to a district court's ruling on motions to compel discovery[.]"

*Johnson v. Geico Gen. Ins.*, 318 F. App'x 847, 850 n.1 (11th Cir. 2009) (quoting *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006)) (citing *Burger King Corp. v. Weaver*, 169 F.2d 1310, 1315 (11th Cir. 1999)). Trial courts may exercise this discretion to hold litigants to the reasonable terms of a scheduling order. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (citing *Bearint ex rel. Bearint v. Dorell Juv. Grp.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004)). Consequently, the Court employs its 21/21/21 Rule, which the District Court explained to the Parties at the Scheduling Conference. This long-standing Rule is intended to prevent Parties from delaying adjudication of discovery disputes until the end of a lawsuit to gain a strategic advantage unrelated to the merits. As the District Court's Scheduling Order explained:

> Unless extended by the Court upon a showing of good cause by any Party upon timely written motion, all motions made under Rule 37 must be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, whichever first occurs.

(Doc. 76, p. 2).

Here, Plaintiff filed his Motion to Compel on April 26, 2026, after receiving the Individual Defendants' discovery responses on March 30, 2026. In applying the 21/21/21 Rule, Plaintiff had 21 days from receipt of Defendants' discovery responses to file a Motion to Compel. By the Court's calculation, that deadline was April 20, 2026. Although given an opportunity to do so during oral argument, Plaintiff did not ask the Court to consider his failure to comply with the 21/21/21 Rule as excusable neglect under Fed. R. Civ. P. 6(b). "Furthermore, the purpose of this rule and all other rules setting deadlines would 'become meaningless' if they were never enforced and arbitrary '[i]f they [we]re only

enforced sometimes.'" *Colony Insurance Co. v. All Cities Enterprises, Inc.*, No. 7:18-CV-126-WLS, 2019 WL 2635591 *1 (M.D. Ga. April 10, 2019)(quoting *Certain Interested Underwriters at Lloyd'S v. Halikoytakis*, No. 8:09-CV-1081-T-17TGW, 2011 WL 5444318, at *2, 2011 U.S. Dist. LEXIS 129138, at *4 (M.D. Fla. June 10, 2011). Thus, Plaintiff's Motion to Compel is untimely and the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED** for that reason. Accordingly, Plaintiff's Motion for Contempt and Motion for Sanctions are **RECOMMENDED DENIED** as well.[1]

However, the Court is aware that additional discovery remains outstanding in light of the Joint Motion for Extension of Fact Discovery which remains pending. (Doc. 108). The Court instructs Plaintiff that should Defendants' forthcoming discovery responses remain deficient, it may be appropriate to file a Motion to Compel in the future after a thorough meet and conferral as required by Local Rule 37.1 and Federal Rule of Civil Procedure 26(c)(1)

### III. Defendants' Motion for Protective Order (Doc. 98)

Defendants filed a Motion for Protective Order in relation to Plaintiff's Rule 30(b)(6) notice for the Colquitt County School District's deposition. Defendants argue that the

---

[1] The Court notes that although Plaintiff's Motion is styled as a "Motion for Contempt, Motion to Compel, and Motion for Sanctions," it is devoid of cognizable legal authority and argument as to the allegations of contempt and the basis for sanctions. "For an issue to be adequately raised in [a] brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority." *Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019). Rather, the Motion focuses largely on the need for ESI protocol which was raised in a previous Motion and denied by the District Court in a previous order (because Defendants had not yet produced any documents to Plaintiff at the time the instant motion was filed, Plaintiff's request for ESI protocol was still premature and speculative). *See* Doc. 86. Further, Plaintiff's Motion for Contempt and Motion for Sanctions are not properly raised in his brief, and "[i]t is simply not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *Tymar Distribution LLC v. Mitchell Grp. USA, LLC*, 558 F. Supp. 3d 1275, 1289 n.7 (S.D. Fla. 2021). Even if Plaintiff's Motion was timely under the 21/21/21 Rule, the Court finds a sufficient basis to recommend denial of Plaintiff's Motion for Contempt and Motion for Sanctions on this basis as well.

notice does not comply with the requirements of Rule 30(b)(6) because it fails to describe the matters designated for testimony with reasonable particularity.

On February 2, 2026, Plaintiff's Counsel served Defense Counsel, via email, with the 30(b)(6) Notice containing deposition topics and requests for production. (Doc. 99 at 2). A second notice was emailed to Defense Counsel on March 11, 2026 that was identical to the February 2, 2026 Notice except for setting the date of the deposition for May 20, 2026. *Id.* On Friday, May 15, 2026, Defense Counsel emailed Plaintiff's Counsel regarding the amended 30(b)(6) Notice. (Doc. 99-3).[2] In the email, Defense Counsel objects to certain topics in the 30(b)(6) Notice as unduly burdensome, overbroad, and "wholly outside the scope of permissible discovery under Rule 26(c)." *Id.* Defense Counsel then filed the Motion for Protective Order the next business day, which was Monday, May 18. (Doc. 98).

Before filing a motion for a protective order, Federal Rules of Civil Procedure 37(a)(2) requires the aggrieved party to certify that they have conferred or attempted to confer in a good faith effort to resolve the parties' discovery dispute. Defense counsel contends the May 15th email is sufficient to meet the requirements of a good faith conference. While there is no bright-line rule applicable in this Court regarding to what extent a movant must attempt to confer before filing a motion to compel, the Court is not persuaded that Defense Counsel's May 15, 2026 email meets the definition of a good faith meet and confer as intended by the applicable rules. *See Jackson v. Deen*, No. CV412-139, 2012 WL 7198434, at *1 (S.D. Ga. Dec. 3, 2012) ("Neither face-to-face nor telephone

[2] During the oral argument, Counsel for Plaintiff represented that she was out of the office on Friday, May 15th and did not see Plaintiff's email until Monday, May 18th.

contact is necessarily essential to the 'good faith' certification requirement in every case. Sometimes letters, emails, or faxes will suffice.").

Here, Plaintiff's Counsel was not afforded a reasonable opportunity to respond to Defense Counsel's email prior to Defense Counsel filing the Motion for Protective Order. "The duty to confer must also be meaningful." *State Farm Mut. Auto. Ins. Co. v. Howard*, 296 F.R.D. 692, 698 n. 11 (S.D. Ga. Dec. 27, 2013) (citations omitted). Despite Defense Counsel's certification to the contrary, a one-way email that had not yet been responded to by Plaintiff's Counsel fails to meet even the most ordinary definition of conferring and certainly does not meet the good faith standard. Furthermore, Defense Counsel first received notice of the deposition topics on February 2, 2026— 102 days prior to emailing Plaintiff's Counsel with objections to the Notice. Defense Counsel's delay in objecting to the 30(b)(6) Notice, coupled with the failure to meet and confer with Plaintiff's Counsel in good faith prior to filing the Motion for Protective Order, does not provide a basis for issuing a protective order at this juncture.[3] Thus, it is **RECOMMENDED** that Defendants' Motion for Protective Order be **DENIED**.

## IV. Joint Motion for Extension of Fact Discovery Period (Doc. 108)

The Parties filed a Joint Motion for Extension of Fact Discovery Period requesting that the discovery period be extended through September 30, 2026. (Doc. 108). For the

[3] The Court notes, after reviewing the topics contained in the Notice, that it does have concerns regarding the expansive scope of the topics. There is a longstanding history of Courts finding language not reasonably specific when it refers to "all claims and defenses"; "[a]ll Information concerning the factual basis for the Defendant's denials, affirmative defenses, and responses"; or "[a]ll information relevant to the facts outlined in Plaintiff's Third Amended Complaint and the Defendant's answer to Plaintiff's Third Amended Complaint." (Doc. 98). However, because Defense Counsel failed to properly meet and confer with Plaintiff's Counsel, this Court does not reach the merits of Defendants' Motion for Protective Order. The Court encourages the Parties to have a substantive meet and conferral regarding the 30(b)(6) topics.

reasons stated above, it is **RECOMMENDED** that the Joint Motion for Extension of Fact Discovery Period be **GRANTED**.

## V. Conclusion

Accordingly, Plaintiff's Motion for Contempt, Motion to Compel, and Motion for Sanctions Against all Defendants (Doc. 94) and Defendants' Motion for Protective Order (Doc. 98) are **RECOMMENDED DENIED**. It is further **RECOMMENDED** that the Joint Motion for Extension of Fact Discovery Period (Doc. 108) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendations to which objection is made; all other portions of the Recommendations may be reviewed by the District Judge for clear error. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED** this 21st day of July, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE