**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| LEAMON MADISON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-00031 (WLS) |
| | : | |
| COLQUITT COUNTY SCHOOL DISTRICT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court is a Recommendation (Doc. 118) from United States Magistrate Judge Alfreda L. Sheppard, entered on July 21, 2026. Therein, Judge Sheppard recommends that the Court deny Plaintiff's Motion for Sanctions Against all Defendants (Doc. 94) as untimely under the Court's 21/21/21 Rule, deny Defendants' Motion for Protective Order (Doc. 98) for failure to confer, and grant the Parties' Joint Motion for Extension of Fact Discovery (Doc. 108). For the reasons discussed herein, the Recommendation is **ACCEPTED**, **ADOPTED**, and made the Order of this Court.

## I. RELEVANT BACKGROUND

On April 26, 2026, Plaintiff filed a Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants (Doc. 94). Plaintiff filed two supplemental briefs related to that Motion on May 7 and May 18, 2026. (Docs. 95 & 99). Also on May 18, 2026, Defendant filed a Motion for Protective Order (Doc. 98). The Court referred the case to Judge Sheppard on May 8, 2026, for a recommendation to the Court on the Parties' pending discovery motions. (Doc. 96); (*see* Doc. 110). Then, on June 11, 2026, the Parties filed a Joint Motion for Extension of Fact Discovery (Doc. 108), wherein they requested an extension of the discovery period from the current deadline of July 31, 2026, through September 30, 2026. The Court entered an Order (Doc. 110) on June 17, 2026, holding the motion in abeyance until Judge Sheppard entered a recommendation on the discovery motions.

On July 10, 2026, Judge Sheppard held an evidentiary hearing on the discovery motions. (*See* Doc. 117). Judge Sheppard entered the instant Recommendation (Doc. 118) on July 21, 2026. The Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days, or through August 4, 2026, to file an objection. (Doc. 118 at 8). Plaintiff filed an Objection (Doc. 119) on August 4, 2026.

## II. STANDARD OF REVIEW

A district court judge shall review *de novo* those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To properly object to the Recommendation, a party must provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784.

## III. LAW AND ANALYSIS

Plaintiff objects to the Recommendation on the grounds that his Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants (Doc. 94) was in fact timely under the Court's 21/21/21 Rule. (Doc. 119 at 3).

Discovery rulings and specifically motions to compel under Federal Rule of Civil Procedure 37, "are committed to the sound discretion of the trial court[.]" *Johnson v. Geico Gen. Ins. Co.*, 318 F. App'x 847, 850 n.1 (11th Cir. 2009). Likewise, "district courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07 (11th Cir. 2011) ("Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005))). This discretion includes the power to "hold litigants to the clear terms of its scheduling orders[.]" *Id.* at 1307; *see Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004) (upholding under an abuse of discretion standard a district

court's decision excluding an expert report disclosed after the deadline the court had established for its submission).

As explained to the Parties at the discovery conference and reiterated in the original Scheduling/Discovery Order (Doc. 76), the Court's 21/21/21 Rule pertaining to motions brought under Rule 37 provides in relevant part:

> Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery**, whichever first occurs.

(Doc. 76 at 2). The purpose of the Rule is, as Judge Sheppard explained in the Recommendation, to prevent Parties from delaying adjudication of discovery disputes until the end of a lawsuit to gain a strategic advantage unrelated to the merits. (*See* Doc. 118 at 4). To determine whether Plaintiff's Motion complied with the Rule, the Court recounts the timeline of events relevant to Plaintiff's Motion.

- On January 16, 2026, Plaintiff served his first set of discovery requests on the Individual Defendants and the Colquitt County School District, which included requests for admission (RFAs), requests for production of documents (RPDs), and interrogatories (ROGs).
- On March 30, 2026, all Defendants served responses to the RFAs, and the Individual Defendants served responses to the RPDs, but no documents were produced.
- Also on March 30, 2026, Defendants filed a Motion for Extension to Respond to Outstanding Discovery Requests Served by Plaintiff (Doc. 92). The Court granted the Motion and extended all Defendants' deadline to respond to the ROGs and the School District's time to respond to the RPDs through April 22, 2026. (Doc. 93).
- On April 22, 2026, all Defendants served responses to the ROGS, and the School District served responses to the RPDs, but again, no documents were produced.
- On April 26, 2026, Plaintiff filed the instant Motion to Compel, alleging that all Defendants' responses to the ROGs and RPDs were deficient. (Doc. 94 at 1, 9).

Judge Sheppard declined to reach the merits of the Motion, finding that Plaintiff's Motion to Compel was filed beyond the twenty-one-day deadline, as calculated from the discovery responses received on March 30, 2026, and was therefore untimely. (Doc. 118 at 4). The Court agrees. The 21/21/21 Rule clearly states that Rule 37 motions must be filed "within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response . . . whichever first occurs." According to Plaintiff, the Individual Defendants' March 30, 2026 RPD responses were inadequate. (*See* Doc. 94 at 1, 7). Likewise, all Defendants' responses to Plaintiff's ROGs and the School District's RPD responses were insufficient under the relevant rules on March 30, 2026, because no such responses were served on that day. Therefore, the clock started ticking on March 30, 2026, the date the responses were due, notwithstanding the Court's extension to Defendants. And Plaintiff did not move the Court for an extension to file a Rule 37 motion.

Therefore, Judge Sheppard's calculation from the date Defendants' responses were served, March 30, 2026, is correct. Plaintiff's motion, under the 21/21/21 Rule was due twenty-one days thereafter, or on April 20, 2026. Because his Motion was filed after that date, it is untimely and due to be denied. Accordingly, Plaintiff's objection is overruled.

**<u>CONCLUSION</u>**

Upon full review and consideration of the Record, including *de novo* review of those portions of the Recommendation to which an objection is made, the Court concurs with the findings set forth in the Recommendation. The Court finds that the Recommendation (Doc. 118) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and conclusions reached herein. For the reasons stated above, Plaintiff's Objection (Doc. 119) is **OVERRULED**.

Accordingly, Plaintiff's Motion for Contempt, Motion to Compel, Motion for Sanctions Against All Defendants (Doc. 94), Plaintiff's supplemental briefs related to that Motion (Docs. 95 & 99), and Defendants' Motion for Protective Order (Doc. 98) are **DENIED**.

Further, the Parties' Joint Motion for Extension of Fact Discovery (Doc. 108) is **GRANTED**. However, as the Court stated in its previous Order (Doc. 110), the Court will provide the Parties with the opportunity to state their respective positions regarding the need for and appropriate duration of a discovery extension. The Parties are therefore **ORDERED** to confer and inform the Court, in writing, of their position(s) on such extension **within seven (7) days** of the entry of this Order, or **by no later than Thursday, August 13, 2026**. The Parties may instead present a joint proposed order extending discovery by the same deadline for the Court's consideration.

**SO ORDERED**, this 6th day of August 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**